UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD BRADDOCK,

        Plaintiff,

  v.

ZAYCON FOODS LLC, et al.,

        Defendants.

C16-1756 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motions to dismiss claims one through four (docket nos. 15 & 17) are GRANTED in part and DENIED in part.[1]

(2) As to claim one, Federal Securities Fraud, defendants' motions are GRANTED in part and DENIED in part. In addition to the "plausibility" standard, a complaint raising C.F.R. § 240.10b–5 ("10b-5") fraud claims must also satisfy the "particularity" requirement of Federal Rule of Civil Procedure 9(b) and the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"). *See WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.,* 655 F.3d 1039, 1047 (9th Cir. 2011). In order to recover damages for violations of 10b–5, a plaintiff must prove "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4)

---

[1] Defendants, Maresca, Conrad, and Kremin join in Zaycon and Giunta's motion, and Giunta joins arguments advanced in the Reply filed by Maresca, Conrad, and Kremin. All defendants move this Court to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), claims one and two of plaintiff's Complaint. Claims three and four are solely claims against Conrad and Kremin.

MINUTE ORDER - 1

reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2407 (2014). Even if a defendant is not a primary violator under the above standard, he or she may be liable as a "control person," if a plaintiff can prove (1) a primary violation of federal securities law and 2) that the defendant exercised actual power or control over the primary violator. *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000).

      (i)    As to Maresca, Conrad, Kremin, and Giunta (collectively the "individual defendants"), defendants' motions are GRANTED and claim one is DISMISSED without prejudice and with leave to amend. Plaintiff's complaint has failed to allege with sufficient particularity that the individual defendants "made" the misrepresentations and omissions alleged therein, *see Gavaldon v. Standard Chartered Bank International, Inc.*, No. 16CV590-LAB (MDD), 2017 WL 766726, at *7 (S.D. Cal. Feb. 28, 2017) ("[T]he complaint alleges affirmative misrepresentations and deliberately misleading statements by Defendants collectively . . . [t]he major defect is that the allegations are made against Defendants as a group."), and is likewise devoid of non-conclusory allegations demonstrating that the individual defendants are subject to "control person liability," *see Boilermakers Nat. Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates, Series AR1*, 748 F. Supp. 2d 1246, 1257 (W.D. Wash. 2010) (allegations that individuals were officers or directors insufficient to establish control person liability absent allegations of "individualized facts" relating to each defendants' alleged control).

      (ii)    As to Zaycon, Zaycon's motion is GRANTED in part and DENIED in part.

With regard to Zaycon's alleged omissions, the motion is GRANTED without prejudice and with leave to amend. Plaintiff alleges many omissions in his Complaint. The omissions alleged are of three categories: (1) omissions in Zaycon's Second Amended and Restated Operating Agreement ("Operating Agreement"), dated November 1, 2012, (as amended) (see e.g. ¶42-46); (2) omissions regarding Conrad's personal bankruptcy and Conrad and Kremin's former business (see e.g. ¶49 a-f), and (3) generally plead omissions (see e.g. ¶47). As to the alleged omissions in the Operating Agreement, the Court finds that they are merely a restatement of the misrepresentations plaintiff alleges the agreement contained and therefore need not be separately considered. As to the alleged omissions regarding Conrad's personal bankruptcy and Conrad and Kremin's former business, plaintiff has failed to allege facts demonstrating that any of the defendants had a duty to disclose the information. *See, e.g.*, *City of Roseville Emps. Ret. Sys. V. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1109 (E.D. Wash. 2013) ("[W]hen a plaintiff relies on an omission of fact as evidence of falsity, the plaintiff cannot simply show that the omission was material; instead, the plaintiff

must show that the omission actually renders other statements misleading." (citing *In re Rigel Pharmaceuticals, Inc. Securities Litigation*, 697 F.3d 869, 880 n. 8 (9th Cir. 2012))). Lastly, as to the generally plead omissions plaintiff alleges, they are pled without particularity and only in a conclusory fashion.

As to Zaycon's alleged misrepresentations in the Operating Agreement, the motion is DENIED. Plaintiff alleges, with sufficient particularity, that material misrepresentations existed in the Operating Agreement; further, the Complaint alleges facts supporting a "strong inference" that Zaycon acted with the requisite scienter; and adequately alleges that the misrepresentations in the Operating Agreement were in connection with the sale of a security, that plaintiff relied on the misrepresentations, that economic loss resulted, and that economic loss was caused by the alleged misrepresentations in the Operating Agreement.

(3) Defendants' motions as to claim two, for violation of RCW 21.20.010, are GRANTED in part and DENIED in part. In order to establish liability for violation of RCW 21.20.010, a plaintiff must prove that defendants "made material misrepresentations or omissions about the security, and [that Plaintiff] relied on those misrepresentations or omissions." *Stewart v. Estate of Steiner,* 122 Wn. App. 258, 264 (2004). As with federal securities fraud, if a defendant is not liable as a primary violator, he may be subject to joint and several liability if he "directly or indirectly controls a seller" who violates RCW 21.20.010 or "materially aids in the transaction." RCW 21.20.430(3); *see also Swartz v. Deutsche Bank*, 2008 WL 1968948, at *23 (W.D. Wash. May 2, 2008).

(i) As to the individual defendants, defendants' motions are GRANTED, and claim two, as it relates to those defendants, is DISMISSED without prejudice and with leave to amend. Plaintiff's complaint has failed to allege with sufficient particularity that the individual defendants "made" any of the misrepresentations and omissions alleged and offers, at best, only conclusory allegations that the individual defendants "directly or indirectly" controlled Zaycon or "materially aid[ed] in the transaction," *see Swartz*, 2008 WL 1968948 at *23.

(ii) As to Zaycon, Zaycon's motion is DENIED. Plaintiff has pled with particularity that Zaycon made misrepresentations about a security, specifically the misrepresentations in the Operating Agreement, and that plaintiff relied on those misrepresentations.

(4) Conrad's motion to dismiss claim three and Kremin's motion to dismiss claim four are GRANTED and the claims are DISMISSED as duplicative. Plaintiff alleges, in claims three and four, that Conrad and Kremin violated the "civil liabilities" portion of the WSSA, RCW 21.20.430. RCW 21.20.430, however, does not itself

MINUTE ORDER - 3

proscribe conduct, it simply creates a private right of action to sue for, *inter alia*, violations of RCW 21.20.010.  As such, claims three and four are coextensive with claim two, which alleges that all of the defendants violated RCW 21.20.010.

    (5)    Any Amended Complaint shall be filed within thirty (30) days of the date of this Minute Order.

    (6)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 21st day of April, 2017.

                                          William M. McCool
                                          Clerk

                                          s/Karen Dews
                                          Deputy Clerk