16-UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD BRADDOCK,

    Plaintiff,

 v.

ZAYCON FOODS LLC, et al.,

    Defendants.

C16-1756 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' Motion to Compel, docket no. 104 (the "Motion"), is GRANTED. The Motion asks the Court to compel compliance with a series of requests for production and interrogatories.[1] In total, Defendants have propounded 49 requests for production and 11 interrogatories. At issue in the Motion are Defendants' Request for Production Nos. 6, 35, 41, 42, 43, 45, and 46; and Interrogatory Nos. 1, 6, 7, 9, 10, and 11. The Motion argues that these request are discoverable under Federal Rule of Civil Procedure 26(b) because they are relevant to Defendants' counterclaim and affirmative

---

[1] *See* Declaration of Elizabeth L. Yingling in Support of Defendants' Motion to Compel, docket no. 105 ("Yingling Declaration"), Exhibit A (Defendants' First Set of Requests for Production to Plaintiff with Objections and Responses Thereto (RFP Nos. 1–37)); Exhibit B (Defendants' Second Set of Requests for Production to Plaintiff with Objections and Responses Thereto (RFP Nos. 38–42)); Exhibit C (Defendants' Third Set of Requests for Production and First Set of Interrogatories to Plaintiff with Objections and Responses Thereto (RFP Nos. 43–44; ROG Nos. 1–5)); Exhibit D (Defendants' Fourth Set of Requests for Production and Second Set of Interrogatories to Plaintiff with Objections and Responses Thereto (RFP Nos. 45–49; ROG Nos. 6–11).

MINUTE ORDER - 1

defenses. *See* docket no. 33, Defendants' Affirmative Defenses at ¶¶ 1–14 (asserting, among other defenses, lack of causation, estoppel, unclean hands, and that plaintiff did not suffer any actual damages); Defendant Zaycon Foods, LLC's Counterclaims at ¶¶ 15–18 (alleging Plaintiff breached his fiduciary duties to the company). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Pursuant to this standard, and to the extent the parties have not already resolved these issues and Plaintiff has not already produced responsive documents and information, Plaintiff is ORDERED to produce the following no later than Friday, September 21, 2018:

    A.    All DOCUMENTS responsive to Defendants' Request for Production Nos. 6 and 41 and all INFORMATION responsive to Defendants' Interrogatory Nos. 9 and 10. This information is, at a minimum, arguably related to Defendants' breach of fiduciary duty counterclaim. Plaintiff has not otherwise demonstrated why this information is overly broad or disproportional to the needs of this case.

    B.    All DOCUMENTS responsive to Defendants' Request for Production No. 35, requesting "all documents that evidence, relate to, or concern the lease on your New York office space[,]" Yingling Declaration, Exhibit A at 24, and Request for Production No. 42, requesting "all Documents and Communications Concerning Your involvement, role, and the work You performed for Join-Em and/or its predecessor, We Power" between August 1, 2014 and April 21, 2016, *see id.*, Exhibit B at 11. Paragraph 17.d. of Defendants' counterclaim specifically alleges that Plaintiff charged Zaycon $480 in monthly rent, more than average real estate rents at that time, and that he "also charged half of his personal secretary's salary to Zaycon." *See* docket no. 33. The documents responsive to these requests are directly relevant to whether Plaintiff overcharged Zaycon for rent and personnel expenses in breach of his fiduciary duties or whether Plaintiff is barred from recovering because of Defendants' affirmative defenses. Plaintiff has not explained why producing them is disproportional to the needs of this case. If no corresponding misconduct occurred, as Plaintiff suggests, then Plaintiff may rely on these documents to disprove Defendants' theory.

    C.    All DOCUMENTS responsive to Defendants' Request for Production Nos. 43, 45, and 46, and all INFORMATION responsive to Defendants' Interrogatory Nos. 1, 6, and 7. Defendants' breach of fiduciary counterclaim alleges that Plaintiff drove Zaycon "to the brink of insolvency." Docket no. 33 at 24, ¶ 17. Deposition testimony suggests that Plaintiff's alleged misconduct continued until after this counterclaim was filed and caused Zaycon further injury. *See* Yingling Declaration, Exhibit E (Excerpts from Deposition Transcript of Adam Kremlin). The information requested in these discovery

requests are directly relevant to this alleged conduct and Defendants are entitled access to this information in support of their breach of fiduciary duty counterclaim, as well as their affirmative defenses. Plaintiff has not demonstrated why this limited subset of communications is disproportional to the needs of this case or otherwise overly burdensome.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 30th day of August, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3